## STATE ex DICK v TAYLOR, Dir.

## STATE ex LEISZ v TAYLOR, Dir.

Ohio Appeals, 2nd Dist, Franklin Co.

Nos. 3165 & 3166. Decided April 29, 1940

Mathias H. Heck, Dayton· Francis W. Durbin, Lima and John Fontana, Columbus, for relator.

Thomas J. Herbert, Attorney General, Columbus; John P. Walsh and Howard Bernstein, Asst. Attys. General, Columbus, for respondent.

### OPINION

By GEIGER, J.

The pleadings in the case of Willis K. Dick are essentially the same as those in the Leisz case except as to office filled, the time of appointment and the finding of the court was likewise the same, and the formal matters follow the same course. We will not, in passing upon these two cases, seek to differentiate the facts but will follow the record as presented in the Leisz case.

The relator, Paul Leisz, says that on the first of June, 1936, he was appointed by the defendant, Department of Liquor Control, to the position of District Supervisor of the division of Ohio Department of Liquor Control of the State; that he is still the lawful incumbent of said position; that the compensation is fixed by law or rule of the Department and the Civil Service Commission; that the tenure of the relator, which was and is in the qualified service of the State, was during good behavior and efficient service.

Relator further says that Taylor, Director of the Department has never determined that the relator's behavior has not been good or that he has been guilty of any disqualifying actions; that his services have been at all times satisfactory to the supervisor. He further says that his name, position and salary, etc., have regularly appeared on the payroll records of the Department of Liquor Control, which have been submitted to the Civil Service Commission and that the Commission has been furnished complete information as to his qualifications, etc.; that the Civil Service Commission has not conducted a competitive examination for the position of inspector; that his position has been filled because of his knowledge of the duties thereof; that more than 90 days have elapsed since his appointment and he is not a provisional or temporary appointment but a permanent appointment within the classified service of the Civil Service of the State; that, notwithstanding his title the respondent has refused to recognize him as an incumbent for the position or to permit him to perform his work; that such Director appointed another to the position as assistant supervisor, although relator was at all times willing to perform the services.

It is further stated that Taylor notified the relator that in order to establish more efficient economical supervision in the store system the present thirteen supervising districts have been reduced to seven; that because of this consolidation relator will be relieved of his duties as district supervisor beginning March 1, 1939.

It is further stated that the Director did not at the time furnish him with reasons for the removal or give relator time to file an explanation.

The prayer is that a writ of mandamus be issued ordering the defendant to recognize the relator as the lawful incumbent of said position of assistant supervisor in the Liquor Department, etc.

To this an answer is filed by the respondent, the first defense being a denial that the relator was appointed to a position in the classified Civil Service of the State of Ohio. The second defense pleads laches. The third defense is to the effect that if the relator did hold a position, such position has, by the removal of the relator, been abolished for the purpose of economy.

The cause coming on for hearing on January 9, 1940, upon the petition, answer, reply, evidence and briefs, the court found that the relator was duly appointed as district supervisor in the Department of Liquor Control pursuant to a noncompetitive examination and there was not at the time an eligible list from which the Director could make any appointment; that the Director summarily discharged and terminated the services; that the relator was a provisional appointee in the classified service and that §§486-17 and 486-17a were not complied with and that the relator was not rightfully dismissed. It was ordered that the relator be restored to his position.

Motion for new trial was filed and overruled and notice of appeal given.

This court has recently passed upon all the questions involved in these two cases in the case of **Frick v Taylor,** No. 3168; **Hanitch v Taylor,** No. 3174, and **Wilson v Taylor** and related cases.

In **State ex Hanitch v Taylor,** No. 3174, this Court speaking of the case of **State ex Lynch v Taylor, Dir., 136 Oh St 417,** decided March 20, 1940, says:

"The Lynch case, the most recent, seems to leave nothing further to be said, where, as in this case, it does not appear that the discharged employee has ever taken a civil service examination. The Court on page 420 definitely points out what must be done in order to consummate a provisional appointment. Three steps must be taken, at least two of which were not taken in this case."

To comment further upon the facts presented and the law applicable would be but repetition.

Rehearing of the Lynch case was denied by the Supreme Court, Ohio Bar, April 15th, page 53.

The second defense relates to laches. We do not think there is any evidence supporting this defense.

The third defense is to the effect that if the relator did hold a position, such position has, by removal of the relator, been abolished for the purpose of economy. We think the record substantially supports this defense in that the number of districts has been reduced from 13 to 7. Independently of the effect of the Lynch case, the appointing authority had a right to discharge the relator for the worthy purpose of securing a more economical administration of the department.

Basing our judgment upon the Lynch case, the judgment of the Court below will be reversed and the writ denied.

HORNBECK, PJ. & BARNES, J., concur.